## Haggard v. Austin's Trustee.

(Decided Feb. 10, 1933.)

MORRIS & JONES for appellant.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

By the second clause of her will, Clara Thomason, now deceased, provided:

> "I give to my beloved daughter, Sarah Frances Austin, my home, located on 724 South Shelby Street, Frankfort, Kentucky, at her death this home or proceeds thereof to be held in trust by my daughter, Roberta Hancock, as trustee, for my granddaughter, Irene Vivian Austin, when she reaches the age of eighteen years."

The fourth clause of her will in part provides:

> "In order to carry out the provisions of this, (sic) I hereby invest my said daughter, Roberta Hancock, with the full authority and power to sell and convey by deed all property here above mentioned, and all other property which I now own, or of which I may die the owner, and the title to pass on as effectively as if made by me, in my own proper person, and invest her with power also to dispose of all my personal property as she may deem best."

The sole question presented by this appeal is whether or not the trustee mentioned in the second clause of this will had the power to sell and convey the property at 724 South Shelby street, the life tenant joining in the deed. It is quite clear to us that she did. The second clause of the will clearly indicates that the home at 724 South Shelby street might be sold because by its terms the trustee was to hold the home or the proceeds in trust for the granddaughter. The right to hold the home or proceeds by the trustee was to be co-incident with the death of the life tenant, thus indicating that the property might be sold during the lifetime of the life tenant, at least if the life tenant consented

and joined in the deed, as she did in this case. The fourth clause of the will also clearly vested the trustee with power of sale. It is true that the words of the testator wherein she vested her daughter, Roberta Hancock, with full authority and power to sell all property here above mentioned, did not specifically say "real estate" but it did say that she had authority and power to sell and convey such by deed, the latter two words of course referring to real estate. Furthermore, by the closing phrase of this paragraph, the testator vested her trustee with the further power of disposing of all of the personal property of the testator thus establishing that the prior authority was for the purpose of selling real estate. Such being our conclusions, it follows that the trustee undoubtedly had the right at least with the life tenant joining in the deed to sell and convey this property as she did. The judgment of the lower court being in accord with these views, it is affirmed.